**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-23937-Civ-COOKE/DAMIAN**

HUMAM SARMAD SAAD AL-SAADI, *et al.*,

      Plaintiffs,

  vs.

ANNCHERY FAJAS USA, INC. a Florida
Corporation; *et al.*,

      Defendants.

_____/

**PLAINTIFFS' *CORRECTED* DISCOVERY MEMORANDUM CONCERNING
SERVICE OF SUBPOENA ON CI MANUFACTURAS MODEL INTERNACIONAL
SAS, AND YERONE LABOURDETTE**

      Plaintiffs Humam Sarmad Saad Al-Saadi and Celebrities Center for General Trading

Company, Limited ("Plaintiffs"), pursuant to the Court's Discovery Procedures, submit this

memorandum addressing the need for an order authorizing service of the attached subpoena

on CI Manufacturas Model Internacional SAS ("CI Manufacturas"), via (1) the email address

by which its principal Yerone Labroudette has engaged in communications with Defendants

and third parties about sales to Plaintiffs, or (2) FedEx delivery to its physical addresses in

Cali, Colombia listed on Labroudette's email. *See, e.g., U.S. Commodity Futures Trading

Comm'n v. Aliaga*, 272 F.R.D. 617 (S.D. Fla. 2011). This filing corrects the email address

requested for service in Plaintiffs' previous Memorandum, ECF No. 105:

gerencia@annchery.com.co. The subpoena is attached as Exhibit 1.

      1. It is apparent that Defendants have not produced all of the relevant documents

requested by Plaintiffs and ordered by the Court, including documents Magistrate O'Sullivan

ordered Defendants to produce from CI Manufacturas. ECF No. 58.  The limited discovery to date leaves no doubt that Yerone Labroudette and CI Manufacturas were heavily involved in authorizing the Defendant Ann Chery entities to conduct business with Plaintiffs, and in tracking their sales to Plaintiffs.    ECF No. 68, pages 2-3, 7, ECF No. 78, pages 16-17.   CI Manufacturas (and possibly Labroudette) also, according to available information, played a key role in closing Plaintiffs' Ann Chery Iraq e-commerce Facebook page, depriving Plaintiffs of the benefits of their exclusive distributorship agreement, and denying Plaintiffs access to the profitable market they had established for Ann Chery products in Iraq.

2.   Defendants' and third parties' production of relevant email correspondence has been paltry.  Even though Plaintiffs have served a third Request for Production to Defendants requesting communications to and from the several Ann Chery email addresses used by and among the Ann Chery Entities, Angelica Riveros, Alberto De la Rosa, Luis Becerra, CI Manufacturas, and Yerone Labroudette, inconsistencies and gaps in previous productions, show Plaintiffs' need to seek the records directly from CI Manufacturas.  *See* ECF 100.

3.   In Defendants' original production on May 5, 2021, they "produced" only the correspondence *Plaintiffs* had supplied in pre-suit negotiations, and virtually nothing else. ECF No. 43 at 2, 5.   Plaintiffs moved to compel Defendants to produce records about their purchases of Ann Chery products, and all of the parties' communications, including records that Defendants' argued were "in the possession, custody, and control" of CI Manufacturas. ECF No. 43.

4.   In opposing Plaintiffs' motion, Defendants even focused on email servers and domains which, they argued, were in the "possession, custody, and control" of CI Manufacturas: "CI Manufacturas – not Defendants – owns and controls the servers and email

addresses (contacto@annchery.com.co or salesusa@annchery.com.co) from which Plaintiffs seek to recover information and documentation . . . ."  ECF No. 48, page 5.

5.   On November 29, 2021, Chief Magistrate Judge O'Sullivan granted Plaintiffs' motion to compel and ordered Defendants to produce all of the records Plaintiffs had requested, including records from CI Manufacturas.  ECF No. 58, at 7-10.  Magistrate Judge O'Sullivan cited *Batista v. Nissan N. Am. Inc.*, 2015 WL 10550409 (S.D. Fla. Dec. 8, 2015) and other authorities:  "A number of factors show that Defendant Ann Chery Fajas USA, Inc. is and the other Defendants are likely to be, either affiliates, or distributors of CI Manufacturas, or both, and that Defendants likely have the legal right to obtain the requested documents from CI Manufacturas."  ECF No. 58, page 8.

6.   As Magistrate O'Sullivan found: "Defendants and CI Manufacturas seem to have created an opaque set of relationships among themselves.  Defendants all use the term "Ann Chery" in their name, whereas CI Manufacturas, the company that Defendants claim is 'the Ann Chery company,' does not." ECF No. 58, page 9. He added: "In this case, CI Manufacturas appears to have profited from Plaintiffs' business, and it certainly benefits, to the detriment of Plaintiffs, from the lack of production of relevant documents."  *Id.*, at 9-10.

7.   As a result of Magistrate Judge O'Sullivan's Order , on January 26, 2022, Defendants produced emails not previously produced, showing that Ms. Riveros and Labroudete were constantly informed by De la Rosa and Becerra about Ann Chery's sales to Plaintiffs.   These included emails dated April 19, 2016; June 7, 2016; June 23, 2016; January 18, 2017; July 25, 2017; February 7, 2018; and two separate emails on January 28, 2019.

8.   Plaintiffs therefore seek an Order under Fed.R.Civ.P. 4(f) and 45, to allow service of the attached subpoena (Exhibit 1) on CI Manufacturas, at the email address used by its

principal, Yerone Labroudette (gerencia@annchery.com.co), or by Fedex at the addresses listed on Mr. Labroudette's emails, to require CI Manufacturas to produce email correspondence from the domains which Defendants contend they own, as well as other documents that are relevant to the Plaintiffs' claims in the Complaint, which this Court has upheld in its entirety.

9.    According to this Court, Rule 4 governs service of a subpoena on corporations because of the absence of any direct provision in Rule 45:  "'Because Rule 45 does not specify what constitutes personal service on a corporation, the courts look to Rule 4.'"  *Wakefield v. City of Pembroke Pines*, 2006 WL 8453004 (S.D. Fla. June 8, 2006), *quoting O'Neil v. Robinson, 214 B.R. 84, 85* (Bankr. D. Conn. 1997).  This Court concluded: "Under Rule 4(h)(1), service may be made on an officer, a managing agent or general agent of a corporation, or any other agent authorized by appointment or by law to receive process."  *Wakefield,* 2006 WL at *1.

10.    Rule 4(h)(2) authorizes service on a foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual."  Therefore this Court may order service on CI Manufacturas, believed to be a foreign corporation, located in Cali, Colombia under Rule 4(f)(3), by email.  In *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011)(Marcia G. Cooke, J.), this Court authorized alternative service on an entity and individual located in the Dominican Republic via an email address they had used, provided such service was not prohibited by international agreement:

> Service may be accomplished under Rule 4(f)(3) as long as it is (i) ordered by the court, and (ii) not prohibited by an international agreement. *See Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir.2002).

> A court has discretion to determine what alternative means of service is appropriate in a particular case. *Rio Props., Inc.,* 284 F.3d at 1016 ("[W]e

commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."). Courts have permitted alternative service of process through various means, including by e-mail and/or service on local counsel. *See, e.g., Rio Props., Inc.,* 284 F.3d at 1018 (affirming district court decision to permit service by e-mail and by regular mail to the defendant's U.S. subsidiary and U.S. attorney); *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A.,* 268 F.R.D. 687, 690 (S.D.Fla.2010) (permitting plaintiff to serve defendant via Fed–Ex and hand-delivery to defendant's U.S. attorney).

*See also Seaboard Marine, Ltd. v. Magnum Freight Corp*, 2017 WL 7796153 (S.D. Fla. Sept. 21, 2017)(Robert N. Scola, Jr., J).

11.    Service by email on an individual in Colombia does not violate any international agreement.    In *Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, 2016 WL 8677230, at *4 (S.D. Fla. Oct. 14, 2016)(Scola, J.), the Court held that service by email on the defendant in Colombia "is an acceptable form of alternative service, not prohibited by international agreement, and reasonably calculated to fulfill due process requirements," noting that Colombia is bound by the Hague Convention, has not objected to Article 10(a) of the Convention which provides for the service of judicial documents by mail; and that the Inter-American Convention on Letters Rogatory and Additional Protocol to which the United States and Colombia are parties does not prohibit alternative methods of service.

12.    Finally, there is no requirement for Plaintiffs to have attempted other forms of service to invoke Rule 4(f)(3).    "No language in in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means."    *Brookshire Bros., Ltd., v. Chiquita Brands Intern., Inc.*2007 WL 1577771 (S.D. Fla. May 31, 2007)(Marcia G. Cooke, J.), *quoting Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

The undersigned certifies that he has conferred with counsel for Defendants, who oppose the requested relief.

Dated:  March 14, 2022                  Respectfully submitted,

DUBBIN & KRAVETZ, LLP
Samuel J. Dubbin, P.A. (FL Bar No. 328189)
Jeffrey L. Kravetz, P.A. (FL Bar No. 435775)
1200 Anastasia Avenue, Suite 300
Coral Gables, Florida 33134
Telephone:    (305) 371-9004 (office)
Telephone:    (305) 815-8060 (cell)
sdubbin@dubbinkravetz.com
jkravetz@dubbinkravetz.com

and

ALC LAWYERS, PC
Michael J. Bazyler (CA Bar No. 84398)
To apply for admission *pro hac vice*
303 N. Glenoaks Boulevard, Suite 200
Burbank, California 91502
Telephone:    (213) 384-8500
Facsimile:    (213) 384-0661
mbazyler@alclawyers.com

By:  /s/  Samuel J. Dubbin, P.A.
      Samuel J. Dubbin, P.A.

*Attorneys for Plaintiffs*

6

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
### for the
_____ District of _____

| | |
|---|---|
| _____ | ) |
| Plaintiff | ) |
| v. | )    Civil Action No. |
| | ) |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena     1-305-371-4700
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.      Unless stated or indicated otherwise, these Requests cover the time period from October 1, 2015 to the present.   "You" or "Your" refers and applies to CI Manufacturas Model International SAS ("CI Manufacturas"), and its officers, employees, owners, directors, or agents.

2.      "Plaintiffs" refer to Humam Sarmad Saad Al-Saadi ("Al-Saadi") and/or Celebrities Center for General Trading Company, Limited, an Iraq company ("Celebrities Center"), and any of their predecessor or successor entities, and any of their agents, representatives, officers, directors, shareholders, employees, or any other individuals or entities working for Celebrities Center.

3.      "Defendants" or "Ann Chery Entities" refer individually or collectively to AnnChery Fajas, USA, Inc., AnnChery USA, Inc. and Ann Chery Beauty, Inc., any of their affiliates, agents, representatives, officers, directors, shareholders, employees, subsidiaries, parents, or any other affiliated organizations, individuals or entities working for one or more of the named Defendants, or acting on its or their behalf or at their direction, and their officers, directors, employees, representatives, agents, attorneys, consultants, and independent contractors.  To avoid any doubt, for purposes of this Subpoena, the term "Ann Chery Entity" includes Angelica Riveros, whether in her capacity as an owner, officer, or director of one of the Defendant entities or of CI Manufacturas, in her individual capacity, or in any other capacity.

4.      "Complaint" refers to the complaint filed by Plaintiffs in the United States District Court for the Southern District of Florida, Case No. 1:20-cv-23937-MGC.

5.      "Ann Chery Center Iraq Facebook Page" refers to Plaintiffs' e-marketplace Facebook page referenced in Plaintiffs' Complaint, e.g., at paragraphs 5, 6, 13, 14, 16, 51, 53, 55, 69, 71, 72, 73 (m.facebook.com/Ann.Chery.Center).

6.      "Document" or "documents" mean the original, or if the original is not in your custody or under your control, a copy thereof, and, in any event, the term includes any non-identical copy or copies which differ from the original for any reason (e.g., draft copy or copy containing notes thereon).  "Document" further means any kind of printed, recorded, written,

graphic, electronic or photographic matter (including tape recording), however printed, produced, reproduced, coded or stored, of any kind or description, whether sent, unsent, or received, including originals, copies, reproductions, facsimiles, drafts, and including, without limitations: any writings, emails, facsimiles, text messages, WhatsApp messages, iMessages, or any other transmittals by or through any secured messaging services, Snapchat messages, Slack messages, Facebook messages, Tweets, Instagram posts, letters, telegrams, cables, telex messages, memoranda, correspondences, memorandum or notes of conferences or telephone conversations, reports, notices, studies, lists, work papers, routing slips, intra- and inter-office communications to, between or among directors, officers, agents, attorneys, accountants, or employees, compilations of data, papers, books, records, officers, agents, attorneys, accountants or employees, compilation of data, paper, books, records, accounts, contracts, deeds, leases, agreements, pictures, photographs, transcripts, minutes, tapes, microfilm, computer data files, printouts, vouchers, accounting statements, engineering diagrams, mechanical and electrical recordings, checks, deposit slips, reports and recordings of conversations, interviews, conferences, committee meetings or other meetings; affidavits, statements, summaries, opinions, court pleadings and reports, indices, studies, analyses, forecasts and evaluations; licenses, and agreements; invoices, notebooks, entries, ledgers, journals, books of record, accounts, summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expense accounts, lists, tabulations, data sheets, computer tapes and discs, magnetic tapes, punch cards, computer printouts, data processing input and output, computer files, computer programs, computer program coding sheets, microfilms, microfiche; models, photographs, drawings, sketches, blueprints, objects, and all other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored or produced, including audio and video recordings and computer-stored information, whether or not in printout form, and things similar to any of the foregoing, regardless of their author or origin, however denominated by the person upon whom the request is made. "Document" or "documents" specifically incorporate, without limitation, all items referenced in Fed. R.

Civ. P. 34(a)(1)(A). The electronic documents shall be produced in their native format and delivered on a CD or DVD, as necessary.

7.     "Communication" or "communications" mean the transmittal of information in the form of facts, ideas, questions, opinions, etc., between two or more persons and includes without limitation, written contact or correspondence by means such as emails, facsimiles, text messages, Snapchat messages, Slack messages, Facebook messages or posts, WhatsApp messages, Tweets, Instagram posts, letters, memoranda, telegrams, telecopy's or telexes, or by any document, and any oral contact such as face-to-face meetings and telephone conversations.

8.     The words "pertain to" or "pertaining to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

9.     "Refers and relates to" and "refer to" and "relate to" or any similar variation thereof, means concerns, consists of, refers to, reflects on, shows or in any way is logically or factually connected with the matter discussed.

10.     "Concerning" or "evidencing" means relating to, referring to, pertaining to, describing, discussing, embodying, substantiating, depicting, reflecting, or constituting.

11.     "Include" and "including," mean "include without limitation" and "including without limitation," respectively.

12.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any responsive documents that might otherwise be construed to be outside of its scope.

13.     The singular of any term shall include the plural, and the plural of any term shall include the singular.

14.     Requests that are stated in the present tense include the past tense and vice versa.

15.     In responding to these requests, each person or entity shall produce separately all documents available at the time of responding or which can be located or discovered by reasonably diligent efforts, including documents in the possession of his, her or its agents and representatives.  You shall also produce all documents as kept in the normal course of business and identify the file from which each document was taken. This request is continuing in

3

nature and requires you to supplement your production promptly if you obtain additional responsive documents.

16.     If any document or copy thereof was but is no longer in your possession or subject to your control, please state and specify in detail for each such document: (a) the type of document; (b) the types of information contained therein; (c) the date upon which it ceased to be within your possession or control; (d) the disposition that was made of it; (e) the identity of all persons having knowledge of the circumstances of its disposition; (f) the identity of all persons having knowledge of the contents thereof; and (g) the person or entity who currently has possession or control.

17.     You must act immediately to preserve potentially relevant Preservation of Electronically Stored Information ("ESI") relating to this matter.  Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of ESI.  Be advised that sources of ESI are altered and erased by continued use of your computers and other devices.  Booting a drive, examining its contents or running any application will irretrievably after the evidence it contains and may constitute unlawful spoliation of evidence.  Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI.  Nothing in this demand for preservation of ESI should be understood to diminish your concurrent obligation to preserve document, tangible things and other potentially relevant evidence.

18.     In responding to these requests, should you object to producing a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information: (a) the nature of the privilege claimed (including work product); (b) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked; (c) the date of the document or oral communication; (d) if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information insufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee; (e) if an oral communication: the place where

4

it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and the general subject matter of the document or oral communication.

<u>**DOCUMENTS TO BE PRODUCED**</u>

1.    All documents that reflect any (a) agreement(s) of any kind with, (b) relationship of any kind with, (c) ownership interests in, and/or (d) office or position held by You in the following entities:   AnnChery Fajas USA, Inc.; AnnChery USA, Inc.; and/or Ann Chery Beauty, Inc.

2.    All documents that reflect any (a) agreement(s) of any kind with, (b) relationship of any kind with, (c) ownership interests in, and/or (d) office or position held by AnnChery Fajas USA, Inc.; AnnChery USA, Inc.; and Ann Chery Beauty, Inc., and/or Angelica Riveros in CI Manufacturas Model International SAS ("CI Manufacturas").

3.    All communications between You and AnnChery Fajas USA, Inc.; AnnChery USA, Inc.; Ann Chery Beauty, Inc., and/or Angelica Riveros relating to Al Saadi and/or Celebrities Center.

4.    All communications between You and AnnChery Fajas USA, Inc.; AnnChery USA, Inc.; Ann Chery Beauty, Inc. and/or Angelica Riveros concerning the sale of Ann Chery Products to purchasers other than Al Saadi and/or Celebrities Center in Iraq.

5.    All communications between You and AnnChery Fajas USA, Inc.; AnnChery USA, Inc.; Ann Chery Beauty, Inc. and/or Angelica Riveros concerning the sale of Ann Chery Products in Middle East countries other than Iraq.

6.    All communications between You and Al Saadi and/or Celebrities Center.

7.    All documents relating to or evidencing any person or entity's use of the name "Ann Chery Showroom USA," including but not limited to communications with the Ann Chery Entities, Claudio Zabaleta, Luis Becerra, Alberto De la Rosa, and/or The Shape Image, LLC, regarding consent to use the name "Ann Chery Showroom USA."

8.    All documents relating to or evidencing any person or entity's use of the name "Ann Chery Global Sales Team," including but not limited to communications with the Ann Chery Entities, Claudio Zabaleta, Luis Becerra, Alberto De la Rosa, and/or The Shape Image, LLC, regarding consent to use the name "Ann Chery Global Sales Team."

9.      All documents that relate to Your or any Ann Chery Entity's interpretation, application, or enforcement of any Ann Chery Minimum Advertised Pricing Policy/Agreement executed by Al Saadi.

10.      All documents that relate to Your or any Ann Chery Entity's interpretation, application, or enforcement of any Ann Chery Minimum Advertised Pricing Policy/Agreement to or regarding vendors other than Al Saadi and/or Celebrities.

11.      All documents that evidence your enforcement policy for any Ann Chery Minimum Advertised Pricing Policy/Agreement.

12.      All documents, communications, or correspondence relating to any person or entity's use of the internet/email/domain addresses: contacto@annchery.com.co and salesusa@annchery.com.co.

13.      All documents relating to Your communications with AnnChery Fajas USA, Inc.; AnnChery USA, Inc.; Ann Chery Beauty, Inc.; Alberto de la Rosa, Luis Becerra, Claudio Zabaleta, the Shape Image, LLC, and/or Angelica Riveros concerning the issuance of a Certificate of Authenticity for Al Saadi.

14.      All documents that refer to or otherwise reflect Your knowledge of Al Saadi's and/or Celebrities Center's Ann Chery Center Iraq Facebook Page.

15.      All documents relating to any correspondence to or from You; AnnChery Fajas USA, Inc.; AnnChery USA, Inc.; Ann Chery Beauty, Inc. and/or Alberto de la Rosa, Luis Becerra, Claudio Zabaleta, the Shape Image, LLC, and/or Angelica Riveros, on the one hand, and Facebook, on the other hand, concerning Al Saadi and/or Celebrities Center.

16.      All documents that evidence or reference any actions, communications, or statements directed to Facebook by You or on Your behalf (e.g. by your attorney) or received from Facebook by You or on Your behalf (e.g. by your attorney), regarding Plaintiffs' Ann Chery Center Iraq Facebook Page.

17.      All documents that evidence any actions, communications or statements made by You or on Your behalf (e.g. by your attorney) to AnnChery Fajas USA, Inc.; AnnChery USA, Inc.; Ann Chery Beauty, Inc.; Alberto de la Rosa, Luis Becerra, Claudio Zabaleta, the Shape Image, LLC, and/or Angelica Riveros, regarding Plaintiffs' Ann Chery Center Facebook Page.

18.   All documents that evidence any actions, communications, or statements made by You to Facebook regarding any Facebook page other than Plaintiffs' Ann Chery Center Iraq Facebook Page that advertised, promoted, or generated sales of Ann Chery brand products, whether legitimate or counterfeit, for customers in Iraq.

19.   All documents that evidence any actions, communications, or statements made by any Ann Chery Entity to Facebook regarding any Facebook page other than Plaintiffs' Ann Chery Center Iraq Facebook Page that advertised, promoted, or generated sales of Ann Chery brand products, whether legitimate or counterfeit, for customers in jurisdictions other than Iraq.

20.   All communications and correspondence between you and any other person or entity regarding an exclusive distributorship in Iraq with Al Saadi and/or Celebrities Center.

21.   All correspondence between You and any other person or entity regarding an exclusive distributorship in Iraq with any other entity other than Al Saadi and/or Celebrities Center.

22.   All correspondence between You and any other person or entity regarding an exclusive distributorship in any country with any person or entity other than Al Saadi and/or Celebrities Center.

23.   All documents evidencing Your or any Ann Chery Entity's policies regarding exclusive distributorships, and evidencing any exclusive distributorships in any country.

24.   All documents evidencing the termination of any exclusive distributorship by You or any Ann Chery Entity.

25.   All documents that evidence Your or any Ann Chery Entity's ownership and/or registration of any trademark or other legal protection for Ann Chery brand products in Iraq.

26.   All documents that evidence Your or any Ann Chery Entity's efforts to prevent or eliminate sellers and/or advertisers of counterfeit Ann Chery brand products in Iraq.

27.   All documents that evidence Your or any Ann Chery Entity's policies for entering into Ann Chery brand exclusive distributorships.

28.   All documents that evidence Your or any Ann Chery Entity's exclusive distributorships for Ann Chery brand products in Iraq or elsewhere.

29.   All documents that evidence Your or any Ann Chery Entity's policies, procedures, or similar actions to enforce against unauthorized use of Ann Chery trademarks,

the Ann Chery name, or any of Ann Chery's entities minimum advertised price/policy agreements.

30.    All employment, payroll, profit, dividend, or compensation records of CI Manufacturas Model International SAS relating to any Ann Chery Entity, and/or Angelica Riveros.

31.    All employment, payroll, profit, dividend, or compensation records of CI Manufacturas Model International SAS relating to the Shape Image, LLC.

32.    All communications and correspondence to or from the email address: ar.anncheryusainc@gmail.com relating to: (a) the authority, right, ability, or privilege of the Shape Image, LLC, Alberto de la Rosa, Claudio Zabaleta, Luis Becerra, and/or the Shape Image, LLC, to sell Ann Chery products or use the name "Ann Chery" (in any form, including but not limited to email addresses and websites), (b) sales to Plaintiffs, (c) any issue other than sales pertaining to Plaintiffs, (d) sales directly to Iraq, (e) sales to purchasers for resale in Iraq, or (f) Plaintiffs' Plaintiffs' Ann Chery Center Iraq Facebook Page, including all attachments to such communications or correspondence.

33.    All communications and correspondence to or from the email address: ar.anncheryusainc@gmail.com,  to or from Facebook, or any officer, employee, agent, attorney, or other representative of Facebook, including all attachments to such communications or correspondence.

34.    All communications and correspondence to or from the email address gerencia@annchery.com.co, relating to: (a) the authority, right, ability, or privilege of the Shape Image, LLC, Alberto de la Rosa, Claudio Zabaleta, Luis Becerra, and/or the Shape Image, LLC. to sell Ann Chery products or use the name "Ann Chery" (in any form, including but not limited to email addresses and websites), (b) sales to Plaintiffs, (c) any issue other than sales pertaining to Plaintiffs, (d) sales directly to Iraq, (e) sales to purchasers for resale in Iraq, or (f) Plaintiffs' Plaintiffs' Ann Chery Center Iraq Facebook Page, including all attachments to such communications or correspondence.

35.    All communications and correspondence to or from the email address: gerencia@annchery.com.co,  to or from Facebook, or any officer, employee, agent, attorney, or other representative of Facebook, including all attachments to such communications or correspondence.

36.     All communications and correspondence to or from the email address: auxgerencia@annchery.com.co relating to: (a) the authority, right, ability, or privilege of the Shape Image, LLC, Alberto de la Rosa, Claudio Zabaleta, Luis Becerra, and/or the Shape Image, LLC, to sell Ann Chery products or use the name "Ann Chery" (in any form, including but not limited to email addresses and websites), (b) sales to Plaintiffs, (c) any issue other than sales pertaining to Plaintiffs, (d) sales directly to Iraq, (e) sales to purchasers for resale in Iraq, or (f) Plaintiffs' Plaintiffs' Ann Chery Center Iraq Facebook Page, including all attachments to such communications or correspondence.

37.     All communications and correspondence to or from the email address: auxgerencia@annchery.com.co,  to or from Facebook, or any officer, employee, agent, attorney, or other representative of Facebook, including all attachments to such communications or correspondence.

38.     All communications and correspondence to or from the email address: anncheryusa@annchery.com.co relating to: (a) the authority, right, ability, or privilege of the Shape Image, LLC, Alberto de la Rosa, Claudio Zabaleta, Luis Becerra, and/or the Shape Image, LLC,  to sell Ann Chery products or use the name "Ann Chery" (in any form, including but not limited to email addresses and websites), (b) sales to Plaintiffs, (c) any issue other than sales pertaining to Plaintiffs, (d) sales directly to Iraq, (e) sales to purchasers for resale in Iraq, or (f) Plaintiffs' Plaintiffs' Ann Chery Center Iraq Facebook Page, including all attachments to such communications or correspondence.

39.     All communications and correspondence to or from the email address: anncheryusa@annchery.com.co,  to or from Facebook, or any officer, employee, agent, attorney, or other representative of Facebook, including all attachments to such communications or correspondence.

40.     All communications and correspondence to or from the email address: ca.salesusa@annchery.com.co, relating to: (a) the authority, right, ability, or privilege of the Shape Image, LLC, Alberto de la Rosa, Claudio Zabaleta, Luis Becerra, and/or the Shape Image, LLC, to sell Ann Chery products or use the name "Ann Chery" (in any form, including but not limited to email addresses and websites), (b) sales to Plaintiffs, (c) any issue other than sales pertaining to Plaintiffs, (d) sales directly to Iraq, (e) sales to purchasers for

resale in Iraq, or (f) Plaintiffs' Plaintiffs' Ann Chery Center Iraq Facebook Page, including all attachments to such communications or correspondence.

41.  All communications and correspondence to or from the email address: ca.salesusa@annchery.com.co,  to or from Facebook, or any officer, employee, agent, attorney, or other representative of Facebook, including all attachments to such communications or correspondence.

42.  All communications and correspondence to or from the email address: financeusa@annchery.com.co, relating to: (a) the authority, right, ability, or privilege of the Shape Image, LLC, Alberto de la Rosa, Claudio Zabaleta, Luis Becerra, and/or the Shape Image, LLC, to sell Ann Chery products or use the name "Ann Chery" (in any form, including but not limited to email addresses and websites), (b) sales to Plaintiffs, (c) any issue other than sales pertaining to Plaintiffs, (d) sales directly to Iraq, (e) sales to purchasers for resale in Iraq, or (f) Plaintiffs' Plaintiffs' Ann Chery Center Iraq Facebook Page, including all attachments to such communications or correspondence.

43.  All communications and correspondence to or from the email address: financeusa@annchery.com.co,  to or from Facebook, or any officer, employee, agent, attorney, or other representative of Facebook, including all attachments to such communications or correspondence.

44.  All communications and correspondence to or from the email address: contacto@AnnChery.com.co, relating to: (a) the authority, right, ability, or privilege of the Shape Image, LLC, Alberto de la Rosa, Claudio Zabaleta, Luis Becerra, and/or the Shape Image, LLC, to sell Ann Chery products or use the name "Ann Chery" (in any form, including but not limited to email addresses and websites), (b) sales to Plaintiffs, (c) any issue other than sales pertaining to Plaintiffs, (d) sales directly to Iraq, (e) sales to purchasers for resale in Iraq, or (f) Plaintiffs' Plaintiffs' Ann Chery Center Iraq Facebook Page, including all attachments to such communications or correspondence.

45.  All communications and correspondence to or from the email address: contacto@AnnChery.com.co,  to or from Facebook, or any officer, employee, agent, attorney, or other representative of Facebook, including all attachments to such communications or correspondence.

10

46.     All communications and correspondence to or from the email address: salesusa@annchery.com.co, relating to: (a) the authority, right, ability, or privilege of the Shape Image, LLC, Alberto de la Rosa, Claudio Zabaleta, Luis Becerra, and/or the Shape Image, LLC, to sell Ann Chery products or use the name "Ann Chery" (in any form, including but not limited to email addresses and websites), (b) sales to Plaintiffs, (c) any issue other than sales pertaining to Plaintiffs, (d) sales directly to Iraq, (e) sales to purchasers for resale in Iraq, or (f) Plaintiffs' Plaintiffs' Ann Chery Center Iraq Facebook Page, including all attachments to such communications or correspondence.

47.     All communications and correspondence to or from the email address: salesusa@annchery.com.co,  to or from Facebook, or any officer, employee, agent, attorney, or other representative of Facebook, including all attachments to such communications or correspondence.

48.     All communications and correspondence to or from the email address: globalsales@annchery.com.co, relating to: (a) the authority, right, ability, or privilege of the Shape Image, LLC, Alberto de la Rosa, Claudio Zabaleta, Luis Becerra, and/or the Shape Image, LLC, to sell Ann Chery products or use the name "Ann Chery" (in any form, including but not limited to email addresses and websites), (b) sales to Plaintiffs, (c) any issue other than sales pertaining to Plaintiffs, (d) sales directly to Iraq, (e) sales to purchasers for resale in Iraq, or (f) Plaintiffs' Plaintiffs' Ann Chery Center Iraq Facebook Page, including all attachments to such communications or correspondence.

49.     All communications and correspondence to or from the email address: globalsales@annchery.com.co,   to or from Facebook, or any officer, employee, agent, attorney, or other representative of Facebook, including all attachments to such communications or correspondence.

50.     All communications and correspondence to or from the email address: middleeast@annchery.com.co, relating to: (a) the authority, right, ability, or privilege of the Shape Image, LLC, Alberto de la Rosa, Claudio Zabaleta, Luis Becerra, and/or the Shape Image, LLC, to sell Ann Chery products or use the name "Ann Chery" (in any form, including but not limited to email addresses and websites), (b) sales to Plaintiffs, (c) any issue other than sales pertaining to Plaintiffs, (d) sales directly to Iraq, (e) sales to purchasers for

resale in Iraq, or (f) Plaintiffs' Plaintiffs' Ann Chery Center Iraq Facebook Page, including all attachments to such communications or correspondence.

51.    All communications and correspondence to or from the email address: middleeast@annchery.com.co,  to or from Facebook, or any officer, employee, agent, attorney, or other representative of Facebook, including all attachments to such communications or correspondence.

52.    All communications and correspondence to or from the email address: sh.anncheryusainc@gmail.com, relating to: (a) the authority, right, ability, or privilege of the Shape Image, LLC, Alberto de la Rosa, Claudio Zabaleta, Luis Becerra, and/or the Shape Image, LLC, to sell Ann Chery products or use the name "Ann Chery" (in any form, including but not limited to email addresses and websites), (b) sales to Plaintiffs, (c) any issue other than sales pertaining to Plaintiffs, (d) sales directly to Iraq, (e) sales to purchasers for resale in Iraq, or (f) Plaintiffs' Plaintiffs' Ann Chery Center Iraq Facebook Page, including all attachments to such communications or correspondence.

53.    All communications and correspondence to or from the email address: sh.anncheryusainc@gmail.com,  to or from Facebook, or any officer, employee, agent, attorney, or other representative of Facebook, including all attachments to such communications or correspondence.

54.  All communications and correspondence between ar.anncheryusainc@gmail.com and gerencia@annchery.com.co, including all attachments to such communications or correspondence.

55.  All documents, communications, and correspondence between You and the Trust Export N Import, including all attachments to such communications or correspondence.

56.    All documents, communications, and correspondence concerning the Trust Export N Import Company, including all attachments.

57.  All documents, communications, and correspondence concerning the Certificate of Authenticity issued to the Trust Export N Import Company on the 27th of October 2017, including all attachments.

58.  All documents, communications, and correspondence concerning any Certificate of Authenticity issued to the Trust Export N Import Company at any time, including all attachments.

59.   If not covered by a previous request, all including all attachments to such communications or correspondence concerning actual sales to the Trust Export N Import Company, including all attachments.

60.   If not covered by a previous request, all documents, communications, and correspondence concerning projected sales to the Trust Export N Import Company, including all attachments.

61.   All documents, communications, and correspondence between You and Al Rafidian Company Export and Import, including all attachments to such communications or correspondence.

62.   All documents, communications, and correspondence concerning Al Rafidian Company Export and Import, including all attachments.

63.   All documents, communications, and correspondence concerning the Certificate of Authenticity issued to Al Rafidian Company Export and Import on the 13th of September 2016, including all attachments.

64.   All documents, communications, and correspondence concerning any Certificate of Authenticity issued to Al Rafidian Company Export and Import at any time, including all attachments.

65.   If not covered by a previous request, all including all attachments to such communications or correspondence concerning actual sales to Al Rafidian Company Export and Import, including all attachments.

66.   If not covered by a previous request, all documents, communications, and correspondence concerning projected sales to Al Rafidian Company Export and Import, including all attachments.

67. All documents, communications, and correspondence concerning known sales to any party in the Republic of Iraq  that have not already been produced, including all attachments.

68. All documents, communications, and correspondence concerning known sales of Ann Chery products to any party in the United States or any country other than Iraq, which Defendants knew, or had reason to believe, were ultimately shipped to Iraq for resale, including all attachments.

69.  All documents, communications, and correspondence concerning the awarding of "sole owner of the brand around the world" to any business entity or person that have not already been produced, including all attachments.

70. To the extent not produced in response to a previous request, all documents, communications, and correspondence concerning criteria used to determine eligibility for granting sole owner status as issued in a Certificate of Authenticity, including all attachments.

71.  If not encompassed by the foregoing requests, all documents, communications, and correspondence concerning (a) actual sales and (b) projected sales of Ann Chery products to the Republic of Iraq, including all attachments.

72.  If not encompassed by the foregoing requests, all documents and communications concerning (a) actual sales and (b) projected sales of Ann Chery products for re-sale to buyers in the Republic of Iraq, including all attachments.

Respectfully submitted,

Dated:  March 10, 2022             DUBBIN & KRAVETZ, LLP

By:___/s/  Samuel J. Dubbin, P.A_____
Samuel J. Dubbin, P.A.
Fla. Bar No. 328189
Jeffrey L. Kravetz, P.A.
Fla. Bar No. 435775
1200 Anastasia Avenue, Suite 300
Coral Gables, Florida 33134
(305) 357-9004
(305) 815-8060 (cell)
(305) 371-4701 (fax)
sdubbin@dubbinkravetz.com

*Attorneys for Plaintiffs*
*HUMAM SARMAD AL-SAADI and CELEBRITIES*
*CENTER FOR GENERAL TRADING*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2022, I emailed the foregoing to Luis Salazar, Esquire, luis@salazar.law, and Jose A. Ceide, Equire, ceide@salazar.law, Salazar Law, LLP, 2121 SW 3rd Street, Suite 100, Miami, FL 33129, as an exhibit in Plaintiffs' Discovery Memorandum Concerning Alternative Service of Subpoena on CI Manufacturas Model Internacional SAS.

By: /s/ Samuel J. Dubbin, P.A.
Samuel J. Dubbin, P.A.