### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23937-CIV-COOKE/DAMIAN

HUMAM SARMAD SAAD AL-SAADI, *et al.*,

      Plaintiffs,

vs.

ANNCHERY FAJAS USA, INC., a Florida
Corporation; *et al.*,

      Defendants.

_____/

### ORDER FOLLOWING DISCOVERY HEARING

THIS CAUSE is before the Court on Plaintiffs' *Corrected* Discovery Memorandum Concerning Service of Subpoena on CI Manufacturas Model Internacional SAS ("CI Manufacturas") [ECF No. 109] and Plaintiffs' Discovery Memorandum Concerning Defendants' Defective Response to Plaintiffs' Supplemental Request for Production of Documents [ECF No. 111] (collectively, the "Memoranda").

The Court has reviewed the Memoranda, the Responses thereto, and heard from the parties, through counsel, at a Zoom hearing held March 25, 2022, and is otherwise fully advised in the premises. For the reasons stated on the record and below, the Court finds that Plaintiffs' request for an order authorizing alternative service of subpoena on CI Manufacturas [ECF No. 109] should be GRANTED as set forth below and that Plaintiffs' request for an order compelling responsive documents from Defendants to Plaintiffs' Supplemental Request for Production of Documents [ECF No. 111] should be GRANTED IN PART as further set forth below.

## I.   PLAINTIFFS' REQUEST TO SERVE A SUBPOENA ON COLOMBIAN ENTITY CI MANUFACTURAS BY EMAIL [ECF No. 109].

Plaintiffs, Humam Sarmad Al-Saadi and Celebrities Center for General Trading Company, Limited ("Plaintiffs"), seek an order authorizing alternative service of a subpoena on non-party, CI Manufacturas, through its principal, Yerone Labroudette, both located in Colombia, via email. Plaintiffs assert that CI Manufacturas has engaged in electronic communications with the Parties and other third parties involved in this action using the email address proposed and that it has documents and information relevant to the claims in this lawsuit that Plaintiffs have been unable to obtain through other sources. Therefore, Plaintiffs seek to serve CI Manufacturas, through its principal, Mr. Labroudette, with the subpoena, attached to the *Corrected* Memorandum [ECF No. 109] as Exhibit 1, by email at the address: gerencia@annchery.com.co.

### A.   *Law Governing Service of Subpoena on Foreign Entity Located Abroad*.

Service of a subpoena on a non-party is generally governed by Federal Rule of Civil Procedure 45. However, Rule 45 does not address service of a subpoena on a foreign entity located outside the United States, and, therefore, courts in this and other federal circuits have determined that Rule 4(h)(2), governing service of process on foreign entities, provides the means by which subpoenas may be served under such circumstances. *See, e.g.*, *Wakefield v. City of Pembroke Pines*, No. 05-61536, 2006 WL 8453004, at *1 (S.D. Fla. June 8, 2006) ("Because Rule 45 does not specify what constitutes personal service on a corporation, courts looks to [Rule 4] for guidance."); *see also Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943, 2018 WL 2387580, at *3 (S.D. Cal. May 24, 2018) ("Rule 45 does not specify what constitutes personal service on a corporation in the United States or in a foreign country. To fill this gap, courts have relied upon the service of process requirements on corporations

set forth in Rule 4 of the Federal Rules of Civil Procedure."); *Paisley Park Enters., Inc. v. Boxill*, No. 17-1212, 2019 WL 1036059, at *3 (D. Minn. Mar. 5, 2019) (same); *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (holding that Rule 45 authorizes service of a subpoena by certified mail based on comparison to Rule 4); *In re Subpoena to VaughnPerling*, No. 19-mc-00083, 2019 WL 8012372, at *4 (C.D. Cal. Dec. 2, 2019) ("[T]he court sees no policy distinction between Rules 4, 5 and 45, such that service other than personal service should be sufficient under the first two but not the third." (quoting *Green v. Baca*, No. 02-04744, 2005 WL 283361, at *1 n.1 (C.D. Cal. Jan. 31, 2005))).

Rule 4(h) of the Federal Rules of Civil Procedure, which governs service on a corporation or other business entity, provides: "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served . . . at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." A foreign corporation can therefore be served pursuant to Rule 4(f)(3). Service may be accomplished under Rule 4(f)(3) as long as it is (i) ordered by the court, and (ii) not prohibited by an international agreement. *See U.S. Commodity Futures Trading Comm'n v. Aliaga,* 272 F.R.D. 617, 619 (S.D. Fla. 2011) (Cooke, J.).

Here, Plaintiffs seek an order from this Court permitting service of a subpoena for production of documents on a Colombian entity located in Colombia and assert that such service is not prohibited by any international agreement. Colombia is a signatory to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and has not objected to Article 10(a) of the Convention, which provides that service of judicial documents may be effectuated by mail. *See Setai Hotel*

*Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-21296, 2016 WL 8677230, at *4 (S.D. Fla. Oct. 14, 2016). Courts in this District have interpreted these provisions to permit service on a foreign entity by alternative means, including email. *See, e.g.*, *Aliaga*, 272 F.R.D. at 620 (authorizing service by email to a foreign entity in the Dominican Republic) (Cooke, J.). Indeed, Courts in this District have previously permitted such service by alternative means on individuals residing in Colombia. *See Setai Hotel*, 2016 WL 8677230, at *3–4.

With these authorities in mind, this Court finds that service of the subpoena may be accomplished on CI Manufacturas under Rule 4(f)(3). The next consideration, then, is whether Plaintiffs may accomplish such service by email given the circumstances presented.

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Lin*, No. 08–23490, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003)). The issue for the Court is whether service by email comports with due process. Due process requires only that an alternative method of service "be reasonably calculated to provide notice and an opportunity to respond." *U.S. Commodity Futures Trading Comm'n v. Rubio*, No. 12-22129, 2012 WL 3614360, at *2 (S.D. Fla. Aug. 21, 2012) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002)); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "After evaluating the specifics of each case, the courts of this District have found service by email to comport with due process on a number of occasions." *Rubio*, 2012 WL 3614360, at *2 (citing cases); *see also Setai Hotel*, 2016 WL 8677230, at *3–4.

When determining whether email service comports with due process, courts consider whether such alternative service is the "most likely means of communication to reach" the

foreign entity or individual to be served. *North Face Apparel Corp. v. 4usedtrailers.com*, No. 18-61329, 2018 WL 4844250, at *3 (S.D. Fla. June 25, 2018) (holding that service by email was proper when plaintiff showed that the defendants were "likely reached" by e-mails that were "were not returned as undeliverable"). Thus, where the party seeking to serve a subpoena by email has demonstrated that the foreign entity has used the particular email address to conduct business or engage in communications relevant to the matters at issue in the lawsuit, service by way of the email address is most likely to provide notice to the foreign entity and, therefore, comport with due process.

This Court has also found that a party does not have to attempt other forms of service before requesting leave for alternative service under Rule 4(f)(3). *See Brookshire Bros., Ltd., v. Chiquita Brands Int'l, Inc.*, No. 05-21962, 2007 WL 1577771 (S.D. Fla. May 31, 2007) (Cooke, J.) ("[C]ertainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means." (quoting *Rio Props.*, 284 F.3d at 1015)).

Based on the foregoing, the undersigned finds that Plaintiffs may effectuate service of the subpoena on CI Manufacturas by email and that Plaintiffs have demonstrated that service using the email address gerencia@annchery.com.co comports with due process requirements.

## II.   PLAINTIFFS' REQUEST TO COMPEL DEFENDANTS TO PROVIDE ADDITIONAL RESPONSIVE DOCUMENTS TO DISCOVERY REQUESTS [ECF No. 111].

Plaintiffs also seek an order compelling Defendants to provide responsive documents to Plaintiffs' Supplemental (Second) Request for Production of Documents, dated January 26, 2022. [ECF No. 111]. Plaintiffs raise three general issues in their Memorandum: (1) Defendants have not provided all responsive documents; (2) Defendants have not provided

documents in native format; and (3) Defendants have improperly designated documents as "Attorneys Eyes Only." At the March 25, 2022, hearing, Defendants proffered they are making their best efforts to continue a rolling production of the responsive documents to Plaintiffs' Supplemental Requests for Production. Defendants also indicated they are in the process of collecting documents in native format for production to Plaintiffs.

After considering the Parties' Memoranda and hearing from the Parties at the March 25, 2022, hearing, the Court made the following findings, further detailed on the record at the hearing: Defendants shall produce all responsive documents, in its possession, custody, or control, and consistent with this Court's November 29, 2021, Order Granting Motion to Compel [ECF No. 58], to Plaintiffs' Supplemental Request for Production Numbers 3, 4, 9, and 10 **no later than fourteen (14) days** from the date of this Court's *ore tenus* rulings on March 25, 2022. However, in light of Defendants' representation that there are no documents responsive to Request Number 15, Plaintiffs' request as to Number 15 is moot. Further, Defendants are admonished to produce all responsive documents sooner as they are available.

## CONCLUSION

Accordingly, for the reasons stated on the record at the March 25, 2022, hearing, and above, it is hereby

ORDERED and ADJUDGED that Plaintiffs' *Corrected* Discovery Memorandum Concerning Service of Subpoena on CI Manufacturas Model Internacional SAS ("CI Manufacturas") [ECF No. 109] is **GRANTED.**

Defendants' objections to service of the subpoena on CI Manufacturas are overruled. Plaintiffs are authorized to serve non-party, CI Manufacturas, with the subpoena, attached to Plaintiffs' *Corrected* Memorandum [ECF No. 109, at 8], by email at the address:

gerencia@annchery.com.co. Within **ten (10) days** of the date of this Order, Plaintiffs shall file a certified statement showing the date and manner of service pursuant to Federal Rule of Civil Procedure 45(b)(4) confirming that alternative service of the subpoena has been effectuated in accordance with the foregoing. It is further

ORDERED and ADJUDGED that Plaintiffs' Discovery Memorandum Concerning Defendants' Defective Response to Plaintiffs' Supplemental Request for Production of Documents [ECF No. 111] is **GRANTED IN PART**.

Defendants shall produce all responsive documents, in their possession, custody, or control, and consistent with this Court's November 29, 2021, Order Granting Motion to Compel [ECF No. 58], to Plaintiffs' Supplemental Request for Production Numbers 3, 4, 9, and 10 **no later than April 8, 2022**. Defendants are admonished to produce the responsive documents sooner absent prior agreement. Plaintiffs' request for an order compelling responsive documents to its Supplemental Request for Production Number 15 is **DENIED AS MOOT** as Defendants stated that no documents responsive to this request exist.

Defendants shall produce all responsive documents, including email attachments, in native format pursuant to Paragraph 11 of Plaintiffs' Supplemental Request for Production of Documents **no later than April 8, 2022**. Again, Defendants are admonished to produce the responsive documents sooner as they are available.

Pursuant to the Parties' agreement and this Court's February 24, 2022 Order [ECF No. 99], Plaintiffs shall produce all outstanding responsive documents to Defendants' remaining Requests for Production **no later than March 30, 2022**. It is further

ORDERED and ADJUDGED that the issue concerning Defendants' designation of sales information as "Attorneys Eyes Only" in its Response to Plaintiffs' Supplemental Request for Production is taken under advisement with a subsequent order to follow.

**DONE and ORDERED** in Chambers at Miami, Florida, this 25th day of March 2022.

_____

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record