UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23937-COOKE/DAMIAN

HUMAM SARMAD SAAD AL-SAADI, *et al.*,

    Plaintiffs,

vs.

ANNCHERY FAJAS USA, INC., a Florida Corporation; *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON
## PENDING MOTIONS TO EXTEND PRETRIAL DEADLINES

THIS CAUSE is before the Court on the following pending Motions to extend pretrial deadlines: Plaintiff's Third Motion to Extend Deadline to Add Parties and Amend Pleadings [ECF No. 101]; Plaintiffs' Corrected *Expedited* Motion to Amend Order Setting Civil Trial Date and Pretrial Deadlines [ECF Nos. 142 and 143]; and Defendants' *Expedited* Motion to Extend Deadline for All Dispositive and Pretrial Motions [ECF No. 149] (collectively, the "Motions"). These matters were referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge, for a Report and Recommendation. [ECF No. 145]. *See* 28 U.S.C. § 636.

The undersigned has reviewed the Motions and Responses and Replies thereto and the pertinent portions of the record, has heard from the parties, through counsel, who appeared before the undersigned by Zoom on May 9, 2022, and is otherwise fully advised in the premises. The undersigned recommends that the pending Motions be granted in part and denied in part as set forth below.

## I. INTRODUCTION

At the outset, the undersigned notes that this lawsuit was filed in September 2020. [ECF No. 1]. Since the filing of the Complaint, the parties have briefed a Motion to Dismiss and a Motion to Stay Discovery and have appeared approximately eight (8) times for discovery hearings. The parties have also sought extensions of deadlines in the Court's scheduling orders no less than six (6) times.

Generally, based on the allegations in the Complaint, the lawsuit stems from a relationship between Plaintiffs and Defendants through which Plaintiffs sold garments ("fajas") manufactured by non-party CI Manufacturas Model Internacional SAS, in Colombia, and distributed by way of the Defendant entities (the "AnnChery entities"), in the United States, to Plaintiffs' customers in Iraq.

Plaintiffs claim, generally, that they were led to believe that they were the exclusive distributors of Defendants' products in Iraq, but that Defendants shut down Plaintiffs' online sales operations and distributed through other sellers in Iraq, causing financial injuries to Plaintiffs. Plaintiffs only sued the AnnChery entities. However, throughout the case, it has been apparent that the AnnChery entities acted through individuals, including Angelica Riveros, AnnChery's CEO/President, and others. *See* ECF No. 20, at 5–7 (Plaintiffs' Response to the Motion to Dismiss, in which Plaintiffs argue that the AnnChery entities acted through Riveros and cite to communications between Plaintiffs and Riveros). Now, nineteen months into the case, Plaintiffs argue they need more time to determine whether they can assert claims against Ms. Riveros and claims for punitive damages.

Against this backdrop, the undersigned turns to the Motions now before the Court.

## II.     THE MOTIONS

There are now three motions before the Court, all of which seek to (again) modify and extend deadlines in the Court's scheduling order, specifically, the *Order Resetting Civil Trial Date and Pretrial Deadlines*. [ECF No. 85]. These Motions are briefly summarized as follows:

First, in *Plaintiffs' Third Motion to Extend Deadline to Add Parties and Amend Pleadings* [ECF No. 101], filed February 28, 2022, Plaintiffs sought to extend the deadline to add parties or amend pleadings from March 4, 2022 to April 4, 2022, on grounds, generally, Plaintiffs had not yet received complete discovery responses and document productions, and therefore, Plaintiffs lacked sufficient information upon which to ascertain whether amendments (such as for punitive damages) or joinder of other parties (such as Angelica Riveros) is appropriate. *Id*. This is Plaintiffs' fifth request to extend this deadline. *See* ECF Nos. 29, 50, 69 and 85 (all prior orders extending this deadline from December 11, 2020, through, most recently, March 4, 2022). Notably, the extended deadline Plaintiffs sought in the present Motion is also now expired, although the Motion was filed prior to expiration of that deadline. What was not filed prior to the expiration of the deadline or to date is an actual motion to amend or to add parties. Defendants oppose this Motion and argue, generally, Plaintiffs fail to show good cause for the extension because their failure to file a motion to amend or add parties to date is the result of Plaintiffs' own lack of diligence. [ECF No. 110].

Second, in *Plaintiffs' Corrected Expedited Motion to Amend Order Setting Civil Trial Date and Pretrial Deadlines* [ECF No. 143 (correcting ECF No. 142)], filed May 4, 2022, Plaintiffs seek to extend the fact discovery deadline (which expired on April 30, 2022) and the expert disclosure/Rule 26(a)(2) report deadline from May 9, 2022 to June 10, 2022, on grounds they need to replace their current expert and the parties encountered significant delays in setting

depositions, now scheduled to occur during May 2022. Plaintiffs also request an extension of the mediation deadline from May 16 to May 31, 2022. Defendants do not oppose Plaintiffs' requested extensions in this Motion in order to accommodate the current deposition schedule. *See* ECF No. 152.

Finally, in *Defendants' Expedited Motion to Extend Deadline for All Dispositive and Pretrial Motions* [ECF No. 149], filed May 5, 2022, Defendants seek an extension of the dispositive and pretrial motion deadline from May 9, 2022, to June 15, 2022, and an extension of the deadline for *Daubert* and *Markman* motions to August 18, 2022. Defendants also seek an extension of the mediation deadline to June 30, 2022. Plaintiffs do not oppose this Motion as long as their requested extension of the discovery and expert deadlines is also granted. *See* ECF No. 150.

Thus, the only Motion that is actually opposed is Plaintiffs' Motion to extend the amendment and joinder deadline. Nonetheless, in order to extend the deadlines set in this Court's scheduling order(s), the parties must demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Therefore, the undersigned addresses whether all of the Motions satisfy this standard.

### III. APPLICABLE LEGAL STANDARDS

#### Good Cause Under Rule 16

All of the pending Motions seek to modify the Court's current scheduling order. The Eleventh Circuit succinctly explained the standard for modification of a court's scheduling orders:

> A district court's "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard precludes

4

> modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note).

*Harris v. Reverse Mortg. Sols. Inc.*, 800 F. App'x 708, 711 (11th Cir. 2020). Thus, the Court must consider whether good cause has been shown for the requested extensions and whether the parties seeking the extensions have demonstrated diligence in attempting to meet the current schedule.

### IV.     ANALYSIS

Mindful of the fact that *Plaintiffs' Corrected Expedited Motion to Amend Order Setting Civil Trial Date and Pretrial Deadlines* [ECF No. 143], seeking to extend the fact discovery deadline and the expert disclosure/Rule 26(a)(2) report deadline, and *Defendants' Expedited Motion to Extend Deadline for All Dispositive and Pretrial Motions* [ECF No. 149], seeking an extension of the dispositive and pretrial motion deadline, are effectively unopposed, the undersigned first addresses those.

### *Extension Of The Discovery Deadline*

In their written memoranda, both sides cite delays in scheduling depositions due to witness and attorney scheduling issues, as well as various complicating factors, like availability of Spanish and Arabic interpreters. The undersigned has held several hearings regarding the many discovery issues the parties have confronted in the case thus far. During the most recent hearings, the parties further elaborated on difficulties scheduling depositions and informed the undersigned that the parties have agreed to a schedule in which the majority of the fact witness depositions in the case are scheduled to take place during the month of May.

The undersigned finds that the parties have demonstrated good cause for the discovery delays and that the failure to meet the current deadline was not the result of a lack of diligence on their part. Therefore, the undersigned finds that extension of the discovery deadline through May 31, 2022 is warranted, especially in light of the parties' agreement.

### *Extension Of The Motion Deadline*

Likewise, the undersigned finds that in light of the enlargement of the discovery period, there is also good cause for extension of the motion deadline so the parties may complete discovery before finalizing dispositive and pretrial motions. Defendants requested an extension of the deadline for the filing of dispositive and pretrial motions to June 15, 2022, and during the hearing before the undersigned, Plaintiffs agreed that deadline makes sense if the discovery deadline is extended to May 31, 2022. Therefore, the undersigned finds that extension of the dispositive and pretrial motion deadline through June 15, 2022 is warranted.

### *Extension Of The Expert Disclosure and Discovery Deadlines*

Additionally, Plaintiffs assert that their testifying expert witness is no longer available and that they, therefore, need additional time to complete expert disclosures for their new expert witness. Based on Plaintiffs' representations, the undersigned finds Plaintiffs have demonstrated good cause for the enlargement of the expert disclosure deadline, as the delay in meeting the deadline was not attributable to their own lack of diligence. The undersigned also notes that Defendants do not oppose the enlargement of this deadline. Therefore, the undersigned finds that extension of the expert disclosure and discovery deadlines is warranted. The undersigned recommends that Plaintiffs' deadline to disclose experts and comply with Rule 26(a) be extended to June 10, 2022 and Defendants' corresponding

deadline be extended to June 30, 2022. The undersigned also recommends the deadline for completing expert depositions be extended to July 14, 2022.

### *Extension Of The Deadline For Mediation*

Similarly, the parties request an extension of the mediation deadline to afford them additional flexibility to accommodate the depositions scheduled during the month of May. The undersigned finds that extension of the deadline to complete mediation is warranted, and recommends the deadline be extended to June 30, 2022.

### *Extension Of The Deadline For Daubert and Markman Motions*

For the same reasons, the parties also request an extension of the deadline to file *Daubert* and *Markman* motions. Accordingly, the undersigned recommends the deadline be extended to August 18, 2022.

### *Extension Of The Deadline For Amendments Of Pleadings And Addition Of Parties*

The final Motion is more problematic. As indicated above, Plaintiffs request an enlargement of the deadline for amending pleadings and adding parties. The present deadline is March 4, 2022, after four previous extensions of the original December 11, 2020, deadline. In their Motion, filed prior to the expiration of the current deadline, Plaintiffs urge the Court that an extension of the deadline to amend pleadings and add parties is necessary because Defendants and non-party recipients of document subpoenas have been slow to produce responsive documents and still have not produced all outstanding responsive documents. Plaintiffs assert that they intend to amend their Complaint to add Angelica Riveros, the most senior AnnChery official in the United States, as a Defendant and to add fraud claims and claims for punitive damages and that, given the heightened pleading standards applicable to fraud claims and requests for punitive damages, they require more information and evidence

7

before they can assert such claims. Importantly, Plaintiffs have not filed the actual motion to amend or to add parties, nor have they provided a copy of their proposed amended pleading. Rather, at this time, Plaintiffs only seek an extension of the deadline within which to file such a motion.

As indicated above, the undersigned has held several discovery hearings with the parties and is well aware of the discovery issues that have persisted. The undersigned is also aware that there have been delays in the progress of discovery attributable to both sides. And, at this point, the parties agree there are more documents forthcoming from parties and non-parties. However, in their Motion and during argument before the undersigned, Plaintiffs acknowledge that they became aware of evidence supporting such claims as early as November 2021, when they received copies of emails laying out Ms. Riveros's role in the alleged conduct and the relationship among Defendants and Ms. Riveros and others. *See* ECF No. 101, at 2 (citing ECF No. 68). And Plaintiffs have obtained substantially more discovery since November 2021. The likelihood that additional parties and claims would be added has been on everyone's radar throughout this case, as evidenced by Plaintiffs' multiple requests for enlargement of the deadlines for addition of parties and claims thus far. Indeed, since the undersigned conducted the first discovery hearing in this case in January 2022, Defendants have been complaining that Plaintiffs' motives for compelling discovery were based on Plaintiffs' obvious plan to add additional parties to the case.

Nevertheless, although Plaintiffs sought an extension of these deadlines until April 4, 2022 in their Motion, Plaintiffs have not actually filed a motion to amend or to add parties. Even more troubling is Plaintiffs' representation during the May 9, 2022 hearing that they are not yet prepared (or were not at that time) to file their motion. Rather, during the hearing,

8

Plaintiffs asserted that the deadline to add parties and amend pleadings should be extended until after discovery is complete.

Defendants oppose the requested extension and argue Plaintiffs have not been diligent in pursuing information needed for the anticipated amendments and that, in any event, Plaintiffs knew they would be amending their pleadings or, at least, had the information upon which they claim amendments are warranted, well before the current deadline expired. Defendants also cite the prejudice and expenditures of resources that would result if Plaintiffs are permitted to amend their pleadings at this stage.

Although Plaintiffs ultimately intend to seek leave to amend and add parties, which would be governed by Federal Rule of Civil Procedure 15(a), at this stage, Plaintiffs are only seeking modification of the Court's scheduling order so they may then file a timely motion for leave to amend. As such, Rule 16 applies and Plaintiffs must demonstrate good cause for the extentions. As set forth above, the Eleventh Circuit has addressed the principles governing the good cause showing necessary for modification of a court's scheduling orders. As the Eleventh Circuit explained, "[t]his good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (citing Fed. R. Civ. P. 16 advisory committee's note; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")). The undersigned, therefore, needs to evaluate good cause, which necessarily involves an assessment of diligence, which is the "key" to satisfying the good cause requirement. *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (citing *Sosa*, 133 F.3d at 1419).

Plaintiffs contend that they did not know the facts potentially justifying addition of Ms. Riveros or additional claims in an amended complaint until they learned of them during discovery (and, in particular, based on two emails produced in November 2021). Plaintiffs claim they have been pursuing additional information to substantiate their additional claims but have not yet obtained the information they believe Defendants and other non-parties have but have not yet produced.

But lack of diligence can include a plaintiff's failure to timely *seek* discovery to obtain the information necessary to determine whether there are grounds for an amended complaint. *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). Thus, while it may well be true that Plaintiffs did not learn the facts underlying their proposed amended complaint until November of 2021 and that Plaintiffs will learn more facts from forthcoming discovery, their motion still must confront the reality, as Defendants argue, that Plaintiffs should have *sought* that discovery much earlier. A review of the record reflects Plaintiffs did not attempt to serve subpoenas on Ms. Riveros and the Colombian manufacturer until at least late October 2021. [ECF No. 83-4]. Further, it appears counsel for both sides were responsible for delays scheduling depositions, including Ms. Riveros's deposition, but neither party came to the Court seeking to compel her testimony any sooner.

The undersigned agrees that Plaintiffs have not demonstrated diligence in pursuing the information they believe they still need in order to amend their Complaint, and it appears Plaintiffs had sufficient information to know these issues were present and may warrant amendment at least as early as November 2021. Discovery cannot go on forever. At some point, discovery needs to end, and the case needs to move toward disposition on the merits. This case is past that point.

Because Plaintiffs must demonstrate diligence in order to show good cause, the undersigned finds that Plaintiffs have not established good cause under Rule 16(b) for seeking to extend the deadline for amending their Complaint long after the deadline to amend and add parties expired. *See Sosa*, 133 F.3d at 1418; *see also Norris v. Hicks*, 855 F. App'x 515, 520 (11th Cir. 2021) (rejecting plaintiff's claim that he established good cause because he could not have earlier discovered the necessary evidence in the exercise of reasonable diligence – after noting that the district court pointed out that plaintiff obtained "significant information" about the new defendant's involvement earlier in the case).

### Rule 15 Analysis

If good cause is shown (which it was not), then the analysis will inevitably shift to a Rule 15 assessment when Plaintiffs do file their anticipated motion to amend or add parties. That motion is not yet before the Court, but a "preview" of what Plaintiffs would need to demonstrate if the Court did extend the deadline to file the motion to amend reflects Plaintiffs are unlikely to satisfy the requirements of Rule 15.

Under Federal Rule of Civil Procedure 15, the grant or denial of an opportunity to amend "is within the discretion of the District Court." *Baez v. Banc One Leasing Corp.*, 348 F.3d 972, 974 (11th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A court properly exercises its "broad discretion" to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . . , undue prejudice . . . , [or] futility of amendment." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quotation omitted); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Because Plaintiffs have not established good cause under Rule 16(b)(4) and have not filed their motion to amend, the undersigned need not reach the issue of whether Plaintiffs

11

can satisfy the requirements of Rule 15. Nevertheless, the undersigned will briefly address the Rule 15 factors because, even if Plaintiffs had overcome the Rule 16 hurdle, it is highly unlikely, based on the information now available to the Court, that Plaintiffs would be able to satisfy the requirements of Rule 15.

First, the undersigned's discussion about diligence (or the lack thereof) applies to the undue delay factor of the Rule 15(a) analysis, and, as discussed above, the undersigned finds that Plaintiffs have not demonstrated diligence. Second, the undersigned agrees with, and is sympathetic to, the concerns of undue prejudice asserted by Defendants should the Court permit the amendment. Allowing a newly amended complaint would re-open the pleadings and require Defendants to raise new motions to dismiss, which would significantly tax the parties' and the Court's resources through the briefing and necessary rulings. Nineteen months into the case, and the parties would basically have to start all over again and the Court would likely need to reset all the deadlines in the case, including trial, yet again. On the other hand, Plaintiffs have not presented reasons to find they would be unduly prejudiced if not permitted leave to file an amended complaint.[1] Futility cannot be addressed without reviewing the proposed pleading.

Given that Plaintiffs have not established good cause and appear likely unable to succeed on several of the factors in the Rule 15 analysis (which was not even required because they failed to clear the Rule 16 good cause hurdle and, therefore, a Rule 15 motion is not

---

[1] Because the issue is not before the Court, the undersigned understands Plaintiffs have not been pressed to demonstrate prejudice and, therefore, it is not clear whether, for example, Plaintiffs are able to file a separate lawsuit against Ms. Riveros or the Colombian manufacturer.

before the Court), the undersigned finds that the request for an extension of the deadline to amend pleadings and add parties should be denied.

### V. RECOMMENDATIONS

Accordingly, for the reasons set forth above, the undersigned respectfully makes the following recommendations regarding the parties' pending Motions:

1. Plaintiff's Third Motion to Extend Deadline to Add Parties and Amend Pleadings [ECF No. 101] should be **DENIED**;

2. Plaintiffs' Corrected *Expedited* Motion to Amend Order Setting Civil Trial Date and Pretrial Deadlines [ECF Nos. 142 and 143] should be **GRANTED IN PART** based on the deadlines recommended in the Chart below; and

3. Defendants' *Expedited* Motion to Extend Deadline for All Dispositive and Pretrial Motions [ECF No. 149] should be **GRANTED IN PART** based on the deadlines recommended in the Chart below.

The undersigned also recommends that no further extensions of the pretrial deadlines should be allowed absent compelling circumstances.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

| Event | Scheduling Order [ECF No. 85] | Recommended Deadlines |
|---|---|---|
| All <u>fact</u> discovery must be completed. | April 30, 2022 | **May 31, 2022** |
| All dispositive *and* other pretrial motions not explicitly excluded by S.D. Fla. L.R. 7.1(a)(1) must be filed. | May 9, 2022 | **June 15, 2022** |
| Plaintiffs must furnish expert witness list to Defendants, along with Fed. R. Civ. P. 26(a)(2) summaries/reports. | May 9, 2022 | **June 10, 2022** |
| Mediation must be completed. | May 16, 2022 | **June 30, 2022** |
| Defendants must furnish expert witness list to Plaintiffs, along with Fed. R. Civ. P. 26(a)(2) summaries/reports. | May 30, 2022 | **June 30, 2022** |
| All <u>expert</u> discovery must be completed. | June 13, 2022 | **July 14, 2022** |
| All *Daubert* and *Markman* motions must be filed. | July 18, 2022 | **August 18, 2022** |
| Joint Pretrial Stipulation and Joint Summary of the Parties' Motion(s) *in Limine* must be separately filed. | September 5, 2022 | September 5, 2022 (No Change) |
| Final proposed jury instructions and verdict form must be filed. | October 7, 2022 | October 7, 2022 (No Change) |
| Calendar Call | November 30, 2022 | November 30, 2022 (No Change) |
| Trial Date | December 5, 2022 | December 5, 2022 (No Change) |

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 13th day of May 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:  The Honorable Marcia G. Cooke
     Counsel of Record